HEINEMANN v. HEARD, appellant.

*Evidence — opinion of witness — Damages — measure of in breach of contract to purchase goods to be resold — loss of profits as.*

A witness examined under a commission, in answer to the general interrogatory stated his opinion, inferences and conclusions from the facts testified to. *Held* inadmissible.

In an action for the breach of a contract to buy goods in China to be sent to plaintiffs at New York, it appearing that it was within the contemplation of the parties that the purchase was to be made for the profit of plaintiffs, and that there were at the time the purchase was to be made vessels in China by which the goods could be sent, *held*, that the damages to which plaintiff was entitled were the difference between the cost of the goods laid down in New York and their market value in New York at the time they would have arrived there in the usual course of trade.

APPEAL from a judgment in favor of plaintiffs entered upon the verdict of a jury. The action was brought by Emil Heinemann and another against John Heard and others to recover damages for a breach of contract in not purchasing goods.

The plaintiffs were merchants in the city of New York, and their business chiefly consisted in the purchase and sale of the products of China and Japan. The defendants were commission merchants carrying on that business at Hong Kong, and elsewhere in China, and their business chiefly consisted in the execution of orders for the purchase of the products of that country and of Japan. In the year 1864 an arrangement was initiated between the plaintiffs and

defendants, by which the latter were to become the correspondents of the former for the purchase of teas and silks in China for account of the plaintiffs. Under this arrangement plaintiffs gave directions to defendants to purchase certain goods in China at certain rates and ship before a time named, and funds were furnished for that purpose. No purchases were made and no part of the funds used.

The case was tried and the complaint dismissed. The general term sustained the decision, and upon an appeal to the court of appeals a new trial was granted. The case is reported 50 N. Y. 27.

Upon the new trial a verdict was rendered for plaintiffs for $34,651.57.

*E. W. Stoughton, John E. Ward* and *William S. Dexter,* for appellants.

*W. W. McFarland* and *Jos. Larocque,* for respondents.

BRADY, J.

The major portion of the opinion is devoted to a consideration of questions arising on the evidence which had already been passed upon by the court of appeals. The only portion important for publication is that relating to damages; which is herewith given.

"The defendants further requested the court to charge that, to entitle the plaintiffs to any damages, the jury must be satisfied that the defendants could with reasonable diligence and in the ordinary course of business, have contracted for, got into possession of, and shipped by a certain sailing vessel, *shown to have arrived in this country,* the merchandise ordered within the plaintiff's limits in accordance with the terms of such one of the letters of credit as was in force at the time when they should have so acted. And again, if the jury should be satisfied that in respect to any of the merchandise ordered the defendants were guilty of negligence, they are not liable in any event for more than the difference between the cash market value at the time of the arrival here of such ship as it is shown could have brought such merchandise under the terms of the letter of credit, and the cost of so much only of such merchandise as should have come by that particular ship. The proposition involved in these requests is not that the plaintiffs are not entitled to the difference between the costs of the silk and the cash market value here, but that this rule of damages cannot be applied save on proof that a certain sailing vessel which could have brought it under the terms of the letter of credit arrived in this country, and then

only to so much of the silk as might have come by that particular ship. This is not an effort to have this case governed by the rules of law relating to a marine trespass. It is an attempt to establish the necessity of a strict line of proof for which there is no precedent, and which seems to be altogether too exacting. It would throw the burden upon the plaintiffs of proving that a certain vessel shown to have arrived in this country could have been obtained to carry the silk, and could have brought it under the terms of the letter of credit. They were not under obligations to do so. It was enough for them to show that a vessel or vessels were loading in China ports, bound for this country, in which,.or in any one of which, the defendants, with proper diligence, could have obtained freight for the silk. This element of their case was complete *prima facie* with proof that a vessel or vessels were in such ports, taken in connection with the defendant's letter of the 14th of December, and indeed without it the plaintiffs were not bound to show that by inquiry of the owners or consignees of such vessel or vessels, ship or ships, that the defendants could have "got into possession of and shipped by" any one or more of them the silk which they undertook to purchase. We were not referred on the argument to any adjudication requiring such strict line of proof, and it seems apparent that it could not be demanded. There is, nevertheless, evidence showing the arrival in this country of the Thorkeld, Benefactor and Nordstern, which meets a part of the requests just considered.

"The rule of damages adopted by the court, namely, the difference between the cost of the silk laid down in New York, and its market value at New York at the time it would have arrived in the usual course of trade, was correct. The courts of this State have decided that a loss. of profits within the contemplation of the parties at the time entering into the contract, and a direct consequence of the breach, and not speculative or contingent, may be recoverable. *Griffin* v. *Colver*, 16 N. Y. 494, 495 ; *Matterson* v. *Mayor of New York*, 7 Hill, 61; and in cases kindred to this it has been held elsewhere that the principal is entitled to recover the value of his intended purchase at the port of destination. *Ryder* v. *Thayer*, 3 La. An. 149; *Bell* v. *Cunningham*, 3 Pet. 69; see, also, *Borries* v. *Hutchinson*, 18 C. B. 445.

"The correspondence between the parties to this controversy shows conclusively that a loss of profits was within their contemplation. The whole transaction was a perfectly legitimate one in a mercantile point of view, in which the plaintiffs sought the purchase for profits

to be made, and in which the defendants perfectly well understood the object of the purchase and the nature of the enterprise. The damages were not speculative or contingent. The price of the merchandise abroad, with the expense of delivery here and its market value here, easily ascertainable after the expiration of the usual and ordinary time for transportation, would give the exact profits to be realized. The article to be purchased was a well-known staple, though subject to the vicissitudes or exigencies of the market when exposed for sale. The tabular statements made up upon various hypotheses covering the periods properly considered, but which were objected to, were intended to supply the information to the jury of the cost of the silk, and were proper under the rule of damages adopted by the court.

"The principle of the rule declared applies as well to carriers as to the parties contracting in relation to the goods. It has been held that even in the absence of any special contract a common carrier is bound, by implication of law, to transport merchandise within a reasonable time, and if he fails to do so the measure of damages is the difference in its value at the time and place it ought to have been delivered, and at the place of its actual delivery. *Ward* v. *N. Y. Cent. R. R. Co.*, 47 N. Y. 29.

"This may embrace a profit to be made. The requests thus considered are all that were argued, although others were refused, but they are either kindred to those considered or valueless, and so regarded. We discover no cause for disturbing the judgment herein, and it should be affirmed."

*Judgment affirmed.*